**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ALEYDA RAMOS-ABOYTES,** | § | **EP-26-CR-01279-DCG-1** |
| | § | |
| *Defendant.* | § | |
| | § | |

## RECUSAL[1]

Attorney Pablo Chapablanco represents Defendant Aleyda Ramos-Aboytes in the above-captioned case. Because Mr. Chapablanco is my former law clerk and a close personal friend, this case qualifies as a "proceeding in which [my] impartiality might reasonably be questioned."[2] I therefore **RECUSE** myself from the case.[3]

---

[1] *See* Amended Order Assigning the Business of the Court § XIX(d) (May 18, 2026) [hereinafter *Amended Order*] ("A judge must state in writing any reason for recusal.").

[2] *See* 28 U.S.C. § 455(a).

[3] *See id.* ("Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3(C)(1) (similar).

Except in five enumerated circumstances, the Code of Conduct permits a District Judge to hear a case from which he would ordinarily be disqualified if all parties "agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate" in the case. *See* CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3(D).

My personal and professional relationship with Mr. Chapablanco is not one of the five types of nonwaivable conflicts enumerated in the Code of Conduct. *See* CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3(C)(1)(a)–(e). Thus, I could conceivably hear this case—notwithstanding that otherwise disqualifying relationship—if the parties so consented.

Nonetheless, I do not believe it would be appropriate for me to hear this case even if the parties consented. Rather than giving the parties the option to waive the disqualifying conflict, I will simply recuse myself. *See* CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3(D).

Accordingly, the Court **DIRECTS** the Clerk of Court to **RANDOMLY ASSIGN** this case to another District Judge in this Division.[4] The Judge who ultimately receives this case "may transfer one of his or her cases, of equal weight or as close as possible," to me if he or she wishes.[5]

**So ORDERED and SIGNED this 29th day of May 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] *See Amended Order* § XIX(b) ("Whenever a judge in a multi-judge division is disqualified or recused in a case, the case shall be randomly assigned by the Clerk to another judge stationed in that division.").

[5] *Id.* § XIX(e).